IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 AUG -2 P 2: 58

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY

| | | |
|---|---|---|
| EUGENE MICHAEL ROSENZWEIG | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-12-2204 |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, NATIONAL SECUIRTY AGENCY, UNITED STATES AIR FORCE, and CENTER FOR DISEASE CONTROL | * * * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

The above-captioned case was filed on July 25, 2012, together with the full filing fee and a motion to seal the case. Self-represented plaintiff Eugene Rosenzweig asserts that employees of the defendant federal agencies "brainwashed, tortured, humiliated me sexually, prevented me from seeing my attorney, and had me detained by the police on numerous occasions." ECF No. 1 at p. 3. He claims the asserted practices took place over a period of eight months beginning in December 2011 and continuing through the present, and were accomplished through the use of "electro-magnetic transmission" or EMT. *Id.* Through the use of EMT, Mr. Rosenzweig claims he was harassed and humiliated because he discovered the defendants in his neighborhood late one night and "[a]pparently saw something that [he] should not have." *Id.* Following that discovery, Rosenzweig claims defendants set up eavesdropping equipment in the house across from his bedroom window, where they began transmitting audio and visual communications into his mind and reading all of his thoughts. Additionally, he claims they read thousands of hours of his memories which they used to humiliate him. As a result he became suicidal. *Id.*

Ordinarily a complaint accompanied with the full filing fee is not subject to dismissal without first permitting the plaintiff to amend the complaint to correct any defect in the pleadings. However, where "the allegations of the complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion," *sua sponte* dismissal for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1)[1] is appropriate. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536 – 37 (1974)); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative).

In his motion to seal this case, Mr. Rosenzweig asserts there is a need to seal the entire case to shield him from the embarrassment of allowing others to learn of the humiliation he claims to have suffered as a result of defendants' use of EMT to read his thoughts. ECF No. 2. Under Local Rule 105.11, a motion to seal must be supported by specific factual representations to justify sealing. Plaintiff's claims of humiliation are not factual representations, but a product of belief that does not support a motion to seal. The motion will be denied.

A separate Order dismissing the complaint and denying plaintiff's motion to seal, follows.

August 2, 2012  /s/_____
Date   Ellen L. Hollander
   United States District Judge

---

[1] Fed. R. Civ. Proc. 12(b)(1) permits dismissal of an action for lack of subject matter jurisdiction.